IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ESTHER M. WRIGHT, | § | |
| | § | |
| Defendant Below, | § | No. 480, 2024 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2207010733 (K) |
| | § | |
| Appellee. | § | |

Submitted: April 3, 2025
Decided: May 19, 2025

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the record on appeal, it appears to the Court that:

(1) The appellant, Esther M. Wright, pleaded guilty to first-degree kidnapping and first-degree conspiracy. In exchange for the guilty plea, the State dismissed other charges. The Superior Court deferred sentencing and ordered a presentence investigation. On August 28, 2024, the Superior Court sentenced Wright as follows: for first-degree kidnapping, twenty-five years of imprisonment, suspended after twenty years for decreasing levels of supervision; and for first-degree conspiracy, five years of imprisonment.

(2)     After sentencing, different counsel was appointed to represent Wright on appeal.  In October 2024, Wright's appellate counsel submitted a letter to the Superior Court stating that he had mistakenly missed the deadline to file an appeal and requesting that the court vacate the August 2024 sentence and resentence Wright so that counsel could file a timely appeal on her behalf.  The Superior Court granted the request, vacated the August 2024 sentence, and resentenced Wright at a hearing on October 17, 2024, at which Wright was present with counsel.  This appeal followed.

(3)     On appeal, Wright's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c).  Counsel asserts that, based upon a conscientious review of the record and the law, the appeal is wholly without merit.  In his statement filed under Rule 26(c), counsel indicates that he informed Wright of the provisions of Rule 26(c) and provided her with a copy of the motion to withdraw and the accompanying brief.  Counsel also informed Wright of her right to submit points she wanted this Court to consider on appeal.  Wright did not provide counsel with any points for the Court's consideration.  The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(4)     When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made

2

a conscientious examination of the record and the law for arguable claims.[1]  This Court also must conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[2]

(5)    The Court has reviewed the record carefully and concluded that the appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that counsel made a conscientious effort to examine the record and the law and properly determined that Wright could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[1] *Penson v. Ohio*, 488 U.S. 75, 82-83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[2] *Penson*, 488 U.S. at 82.